[843 NYS2d 841]

In the Matter of STEVEN L. RASKIND (Admitted as STEVEN LAWRENCE RASKIND), an Attorney, Respondent. GRIEVANCE COMMITTEE FOR THE TENTH JUDICIAL DISTRICT, Petitioner.

Second Department, October 30, 2007

APPEARANCES OF COUNSEL

*Rita E. Adler*, Hauppauge (*Stacey J. Sharpelletti* of counsel), for petitioner.

*Moran Karamouzis LLP*, Rockville Centre (*Grace D. Moran* of counsel), for respondent.

## OPINION OF THE COURT

Per Curiam.

The Grievance Committee for the Tenth Judicial District (hereinafter the Grievance Committee) served the respondent with a petition dated March 10, 2006, containing two charges of professional misconduct. After a preliminary conference on November 29, 2006, and a hearing on January 8, 2007, the Special Referee sustained both charges. The Grievance Committee now moves to confirm the Special Referee's report and to impose such discipline as is just and proper. The respondent has submitted an affirmation in opposition to the Grievance Committee's motion to confirm, urging that the Special Referee's report should be confirmed with respect to the facts of his misconduct, but that, in imposing the proper measure of discipline, appropriate weight should be given to the evidence proffered in mitigation.

Charge one alleges that the respondent engaged in conduct involving dishonesty, fraud, deceit, or misrepresentation, in violation of Code of Professional Responsibility DR 1-102 (a) (4) (22 NYCRR 1200.3 [a] [4]).

On or about April 2, 2004, Judith Ferrara and Edward Ferrara retained the respondent in connection with an injury that Judith Ferrara had sustained. In or about January 2005, the respondent referred the drafting of a civil summons and complaint to another attorney. He informed Edward Ferrara that a civil summons and complaint had been completed, filed, and served.

On or about March 22, 2005, the respondent received a telephone call from Edward Ferrara, who informed the respondent that he wanted to pick up a copy of the file the following afternoon. After speaking with Edward Ferrara, the respondent contacted the attorney to whom he had delegated the drafting of the civil summons and complaint, and advised him that it

must be completed and delivered to the respondent's office by the next morning.

On or about March 23, 2005, the respondent's paralegal called him while he was in court to advise that the civil summons and complaint that had been prepared on behalf of Judith Ferrara had been dropped off at his office with an attached individual verification form requiring her signature, and the notarization thereof. The respondent thereupon directed his paralegal to sign Judith Ferrara's name on the individual verification form, sign his name as notary, and arrange for the summons and complaint to be filed with the court and served upon the named defendants. The papers were filed with the Nassau County Clerk's Office on or about March 31, 2005. Between approximately April 6, 2005, and April 19, 2005, affidavits of service were filed with the Nassau County Clerk's Office indicating that service had been effected on the named defendants.

When Judith Ferrara obtained a copy of the file from the respondent's office, the file contained a copy of the aforementioned summons and complaint, along with the individual verification containing her forged signature, and the respondent's forged signature notarizing it.

Charge two alleges that the respondent engaged in conduct that adversely reflects on his fitness as a lawyer, in violation of Code of Professional Responsibility DR 1-102 (a) (7) (22 NYCRR 1200.3 [a] [7]), based on the factual specifications of charge one.

Inasmuch as the allegations are essentially uncontroverted, the Special Referee properly sustained both charges, and the Grievance Committee's motion to confirm the Special Referee's report is granted.

In determining an appropriate measure of discipline to impose, the respondent asks the court to consider his full cooperation and candor with the Grievance Committee, his unblemished record, and the fact that his judgment was clouded by the stress of his fiancee's illness, his own physical exhaustion, and the burden of dealing with the unreasonable demands of his injured client's husband. He has submitted four character letters from professional colleagues and friends who have known and respected him for a number of years.

Under the totality of the circumstances, the respondent is publicly censured for his professional misconduct.

PRUDENTI, P.J., MILLER, SCHMIDT, CRANE and FLORIO, JJ., concur.

Ordered that the petitioner's motion to confirm the Special Referee's report is granted; and it is further,

Ordered that the respondent is publicly censured for his professional misconduct.