[895 NYS2d 493]

In the Matter of BRUCE E. COHEN, an Attorney, Respondent. GRIEVANCE COMMITTEE FOR THE TENTH JUDICIAL DISTRICT, Petitioner.

Second Department, February 23, 2010

### APPEARANCES OF COUNSEL

*Rita E. Adler*, Hauppauge (*Daniel M. Mitola* of counsel), for petitioner.

*Moran Karamouzis, LLP*, Rockville Centre (*Grace D. Moran* of counsel), for respondent.

### OPINION OF THE COURT

Per Curiam.

The Grievance Committee for the Tenth Judicial District (hereinafter the Grievance Committee) served the respondent with a petition dated July 16, 2008, containing five charges of professional misconduct arising from his representation of Evanize Belk in a personal injury action. After a hearing on March 16, 2009, the Special Referee sustained all five charges. The Grievance Committee now moves to confirm the Special Referee's report and to impose such discipline upon the respondent as the Court may deem just and proper. The respondent's counsel has submitted an affirmation seeking to confirm the Special Referee's report with respect to the admitted misconduct, to dismiss charge four, and to afford appropriate weight to the mitigation advanced.

Charge one alleges that the respondent engaged in conduct involving dishonesty, fraud, deceit, and misrepresentation by signing his client's name on a document and notarizing said document when it had not been shown to the client or sworn to before him, in violation of Code of Professional Responsibility DR 1-102 (a) (4) (22 NYCRR 1200.3 [a] [4]).

On or before July 26, 2005, the respondent was retained by Evanize Belk to initiate a lawsuit for injuries she allegedly sustained in a motor vehicle accident. The respondent prepared a summons and verified complaint on behalf of Ms. Belk and signed her name to the document annexed to the summons and verified complaint which stated that she was duly sworn and had read the foregoing summons and verified complaint and knew its contents.

The respondent notarized the document on which he had placed Ms. Belk's signature below the statement "sworn to before me this 1st day of August, 2005." The respondent did not show or provide the document to Ms. Belk before affixing

her signature to it. Nor did he show or provide the document to Ms. Belk before notarizing it and certifying that it had been sworn to before him. Ms. Belk did not swear to the document before the respondent.

Charge two alleges that the respondent engaged in conduct adversely reflecting on his fitness as a lawyer by signing his client's name on a document and notarizing that document when it had not been shown to his client, nor sworn to before him, in violation of Code of Professional Responsibility DR 1-102 (a) (7) (22 NYCRR 1200.3 [a] [7]), based on the factual specifications contained in charge one.

Charge three alleges that the respondent engaged in conduct involving dishonesty, fraud, deceit, or misrepresentation by causing a document to be filed with the Supreme Court, New York County, which was notarized by him and which contained information he knew to be false, in violation of Code of Professional Responsibility DR 1-102 (a) (4) (22 NYCRR 1200.3 [a] [4]), based on the factual specifications of charge one.

On or about August 1, 2005, the respondent provided the summons and verified complaint and the annexed notarized document to Intercounty Judicial Services in order to obtain an index number for Ms. Belk's action and to effect service on four defendants. On or about August 5, 2005, the summons and verified complaint with the annexed notarized documents was filed with the Supreme Court, New York County, and assigned an index number.

Charge four alleges that the respondent engaged in conduct prejudicial to the administration of justice by causing a document to be filed with the Supreme Court, New York County, which was notarized by him and which contained information he knew to be false, to be served on parties in an action, in violation of Code of Professional Responsibility DR 1-102 (a) (5) (22 NYCRR 1200.3 [a] [5]) based on the factual specifications of charges one and three.

By letter dated August 4, 2005, delivered on or about the next day, the respondent was discharged as legal counsel by Ms. Belk and advised to cease and desist all work on her personal injury matter. The letter was accompanied by a consent to change attorney form executed by Ms. Belk dated August 4, 2005. The respondent failed to take any action to stop the service of process of the summons and complaint on the four named defendants after receiving the cease work letter. The four defendants named in the lawsuit were served with the summons and complaint

and annexed notarized document by Intercounty Judicial Services on or about August 10, August 11, August 15, and August 17, 2005, respectively.

Charge five alleges that the respondent engaged in conduct adversely reflecting on his fitness as a lawyer by causing a document to be filed with the Supreme Court, New York County, which was notarized and which contained information he knew to be false, to be served on parties in an action, in violation of Code of Professional Responsibility DR 1-102 (a) (7) (22 NYCRR 1200.3 [a] [7]), based on the factual specifications of charges one, three, and four.

Based on the evidence adduced, the Special Referee properly sustained all five charges and the Grievance Committee's motion to confirm his report is granted.

In determining an appropriate measure of discipline to impose, the Grievance Committee notes that the respondent has no prior disciplinary history and has accepted full responsibility for his actions. The respondent submits that his actions were the result of a rare combination of circumstances, including the demands of an allegedly unreasonable client and his own personal health issues. The respondent has submitted letters from Isaac Cohen, M.D., his orthopedist, and Itzhak C. Haimovic, M.D., his neurologist, confirming his diagnosis of Parkinson's disease. In addition, he has submitted letters from seven professional colleagues, including his law partner, attesting to his integrity and excellent reputation.

Balancing the respondent's lapse of judgment with his previously unblemished record, we conclude that a public censure is the appropriate discipline to impose in this case (see Matter of Raskind, 46 AD3d 129 [2007]; Matter of Silverblatt, 89 AD2d 12 [1982]).

PRUDENTI, P.J., MASTRO, RIVERA, SKELOS and ANGIOLILLO, JJ., concur.

Ordered that the petitioner's motion to confirm the Special Referee's report is granted; and it is further,

Ordered that the respondent is publicly censured for his professional misconduct.