[15 NYS3d 177]

In the Matter of NICHOLAS M. NUDO III, an Attorney, Respondent. GRIEVANCE COMMITTEE FOR THE TENTH JUDICIAL DISTRICT, Petitioner.

Second Department, August 19, 2015

**APPEARANCES OF COUNSEL**

*Mitchell T. Borkowsky*, Hauppauge (*Michael Fuchs* of counsel), for petitioner.

*Long Tuminello, LLP*, Bay Shore (*Michelle Aulivola* of counsel), for respondent.

### OPINION OF THE COURT

Per Curiam.

The Grievance Committee for the Tenth Judicial District served the respondent with a verified petition dated March 12, 2014, containing two charges of professional misconduct. After a preliminary conference on November 10, 2014, and a hearing on January 16, 2015, the Special Referee sustained both charges in a report dated February 6, 2015. The petitioner now moves to confirm the report of the Special Referee, and to impose such discipline upon the respondent as this Court deems just and proper. The respondent, by counsel, submitted an affirmation in response, requesting that this matter be referred back to the Grievance Committee for a private reprimand in light of the evidence adduced at the hearing, including the mitigating factors.

Based upon the respondent's admissions and the evidence adduced, we find the facts are as follows:

In or about 2002, the respondent represented Edward F. Gallagher III in his attempt to refinance a mortgage with the lender, IndyMac Bank, which transaction did not close. Some 11 years later, on or about May 15, 2013, Kenneth J. Gould, Esq., as attorney for IndyMac Bank, contacted the respondent about the Gallagher refinance transaction. Mr. Gould advised the respondent that he had recently discovered that he had the sum of $1,227 in his attorney trust account on behalf of the Gallagher refinance transaction, inasmuch as a check issued in that amount to the title company had never been cashed. Mr.

Gould requested the respondent to obtain proof that Mr. Gallagher had advanced these funds, so that he could return them to Mr. Gallagher.

By letter dated May 20, 2013, the respondent, without Mr. Gallagher's knowledge or consent, advised Mr. Gould as follows:

> "It is the understanding of Mr. Gallagher that the moneys which you continue to hold in your escrow account in this matter were in fact funds deposited with IndyMac Bank on account of the proposed transaction. Accordingly, he requests that you forward same to this office in accordance with the Authorization set forth below or with this correspondence."

Enclosed with the respondent's letter to Mr. Gould was a document entitled "Authorization," purportedly signed by Mr. Gallagher and sworn to on May 20, 2013, which provides as follows:

> "Dear Mr. Gould:
>
> "Please be advised that I have read the content of the correspondence of even date hereof written by my attorney Nicholas Nudo regarding IndyMac Bank and the property address listed above. Same is true, accurate, complete and correct and, accordingly, I ask that you forward the escrowed funds as follows:
>
> "Made payable to the order of 'Nicholas Nudo as Attorney,' forwarded on my behalf to Nicholas M. Nudo III, Esq., Post Office Box 803, Stony Brook, NY 11790.
>
> "I appreciate you [sic] efforts in this matter on my behalf."

In fact, without Mr. Gallagher's knowledge or consent, the respondent signed Mr. Gallagher's name on the authorization and falsely notarized the signature.

Based on the information conveyed by the respondent in the letter dated May 20, 2013, including the accompanying authorization, Mr. Gould issued check No. 9814, dated May 22, 2013, payable to "Nicholas Nudo as Attorney," in the amount of $1,227, representing the funds due Mr. Gallagher. On May 24, 2013, the respondent deposited check No. 9814 into his at-

torney trust account maintained at Capital One Bank, account No. xxxxxx4601.

On or about May 28, 2013, Mr. Gould, having discovered that Mr. Gallagher had neither signed the authorization nor authorized the respondent to accept the funds, stopped payment on the check to the respondent.

Charge one alleges that the respondent engaged in conduct involving dishonesty, fraud, deceit, or misrepresentation, in violation of Rules of Professional Conduct (22 NYCRR 1200.0) rule 8.4 (c).

Charge two alleges that the respondent engaged in conduct that is prejudicial to the administration of justice, in violation of Rules of Professional Conduct (22 NYCRR 1200.0) rule 8.4 (d).

In view of the respondent's admissions and the evidence adduced, the Special Referee properly sustained both charges. The Grievance Committee's motion to confirm the report of the Special Referee is granted.

In light of the serious nature of the respondent's misconduct in signing Mr. Gallagher's name and falsely notarizing this signature on the authorization, his request to have the matter remitted to the Grievance Committee for a private sanction is denied (*see Matter of Raskind*, 46 AD3d 129 [2007]). In mitigation, the Court has considered the isolated nature of the respondent's conduct in an otherwise unblemished career spanning 30 years, his volunteer service to his community, and the substantial evidence of the respondent's good character.

Under the totality of the circumstances, the respondent is publicly censured for his professional misconduct.

ENG, P.J., MASTRO, RIVERA, DILLON and LEVENTHAL, JJ., concur.

Ordered that the petitioner's motion to confirm the report of the Special Referee is granted; and it is further,

Ordered that the respondent, Nicholas M. Nudo III, is publicly censured for his professional misconduct.