[62 NYS3d 463]

In the Matter of Archana Dittakavi, an Attorney, Respondent. Grievance Committee for the Second, Eleventh, and Thirteenth Judicial Districts, Petitioner.

Second Department, October 18, 2017

## APPEARANCES OF COUNSEL

*Diana Maxfield Kearse*, Brooklyn, for petitioner.
*Michael S. Ross*, New York City, for respondent.

## OPINION OF THE COURT

Per Curiam.

The Grievance Committee for the Second, Eleventh, and Thirteenth Judicial Districts served the respondent with a notice of petition and petition dated April 4, 2017, containing one charge of professional misconduct. The respondent filed an answer dated April 21, 2017, admitting the allegations of professional misconduct. The Grievance Committee and the respondent now move pursuant to 22 NYCRR 1240.8 (a) (5) for discipline by consent, and request the imposition of a public censure. As provided for in 22 NYCRR 1240.8 (a) (5) (i), the parties have provided a joint affirmation dated May 23, 2017, in support of the instant motion. By virtue of the stipulation contained in the joint affirmation, the parties have agreed that the following factual specifications are not in dispute:

In January 2015, while employed as a staff attorney at the Bronx Defenders Family Defense Practice, the respondent was assigned to represent a client in a child abuse proceeding commenced in the Family Court. On May 19, 2015, the respondent met with her client in a holding facility at the Bronx County Criminal Court, and had him sign the signature page of a petition to vacate acknowledgment of paternity pursuant to Family Court Act § 516-a (hereinafter the petition) for the purpose of filing papers on his behalf in the Family Court. The client was subsequently transported back to the Rikers Island correctional complex where he was being detained.

When the respondent arrived at her office later that day, she reviewed the petition and realized that she had overlooked the verification page of the petition, which required her client's notarized signature. The respondent signed her client's name to the verification page of the petition, and then notarized the false signature of her client. The respondent filed the petition and verification with the Family Court on May 20, 2015.

On June 11, 2015, the respondent appeared in court with her client. The Judge presiding over the case asked the respon-

dent's client whether he recognized the signature on the January 20, 2015 acknowledgment of paternity as his own, because the name in the signature appeared misspelled. The respondent's client indicated that he did not believe the signature was his. At that point in time, the respondent realized that the signatures and handwriting of her client would be at issue in the upcoming hearing on the paternity petition.

On June 11, 2015, the respondent advised a supervising attorney in the Bronx Defenders of the fact that she had signed her client's name on the verification page of the paternity petition, notarized the false signature, and then filed the petition with the Court. The respondent also eventually told these facts to her client and explained that she was seeking advice from supervisors about how to proceed. In determining not to terminate the respondent's employment, the Bronx Defenders considered the fact that she was a young attorney early in her career, she had her client's consent to file the document, and she did not gain personally or professionally from her actions.

In late September or early October of 2015, the Bronx Defenders filed an order to show cause requesting permission to withdraw the paternity petition without prejudice, and to be relieved as counsel. The Family Court granted the motion, permitting withdrawal of the paternity petition and relieving the Bronx Defenders as counsel. An attorney from the 18-B panel was assigned to represent the former client.

As required, the respondent has submitted an affidavit with this motion in which she conditionally admits the foregoing facts, and that those facts establish that she has engaged in conduct involving dishonesty, fraud, deceit, or misrepresentation, and conduct that is prejudicial to the administration of justice, in violation of rule 8.4 (c) and (d) of the Rules of Professional Conduct (22 NYCRR 1200.0), respectively. The respondent further consents to the agreed discipline of a public censure, which consent is given freely and voluntarily without coercion or duress. Lastly, the respondent states that she is fully aware of the consequences of consenting to such discipline.

In mitigation, the parties agree that the following factors were considered: no prior disciplinary history; no dishonest or selfish motive; continued employment by the Bronx Defenders; her relative youth and naivete; cooperation with the Grievance Committee; acceptance of responsibility and expressed remorse for her misconduct; excellent reputation; and demonstrated commitment to public service and volunteer work.

As to the appropriate sanction, the parties seek the imposition of a public censure, which is in accord with precedent from this Court (*see Matter of Cohen*, 72 AD3d 251 [2010]; *Matter of Raskind*, 46 AD3d 129 [2007]). Based upon the foregoing, we find that the request for discipline by consent pursuant to 22 NYCRR 1240.8 (a) (5) should be granted, and that a public censure is warranted in view of the respondent's admitted misconduct as well as the mitigating factors presented herein.

Eng, P.J., Mastro, Rivera, Dillon and Cohen, JJ., concur.

Ordered that the joint motion pursuant to 22 NYCRR 1240.8 (a) (5) for discipline by consent is granted; and it is further,

Ordered that the respondent, Archana Dittakavi, is publicly censured for her misconduct.