Matter of Perez (2020 NY Slip Op 03117)





Matter of Perez


2020 NY Slip Op 03117


Decided on June 3, 2020


Appellate Division, Second Department


Per Curiam.



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 3, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ALAN D. SCHEINKMAN, P.J.
WILLIAM F. MASTRO
REINALDO E. RIVERA
MARK C. DILLON
LEONARD B. AUSTIN, JJ.


2019-06188

[*1]In the Matter of Scott C. Perez, an attorney and counselor-at-law. Grievance Committee for the Second, Eleventh, and Thirteenth Judicial Districts, petitioner; Scott C. Perez, respondent. (Attorney Registration No. 3903366)



JOINT MOTION pursuant to 22 NYCRR 1240.8(a)(5) by the Grievance Committee for the Second, Eleventh, and Thirteenth Judicial Districts and the respondent, Scott C. Perez, for discipline on consent. The respondent was admitted to the Bar at a term of the Appellate Division of the Supreme Court in the Second Judicial Department on January 24, 2001.



Diana Maxfield Kearse, Brooklyn, NY (Kathryn Donnelly of counsel), for petitioner.
Scalise & Hamilton, P.C., Scarsdale, NY (Deborah A. Scalise of counsel), for respondent.



PER CURIAM.


OPINION & ORDER
The Grievance Committee for the Second, Eleventh and Thirteenth Judicial Districts served the respondent with a verified petition dated May 17, 2019, containing two charges of professional misconduct. The respondent filed an answer dated July 1, 2019. The Grievance Committee and the respondent now jointly move pursuant to 22 NYCRR 1240.8(a)(5) for discipline on consent, and request the imposition of a public censure. As provided for in 22 NYCRR 1240.8(a)(5)(i), the parties have submitted a joint affirmation dated August 20, 2019, in support of the motion. In addition, the respondent has submitted an affidavit sworn to on August 13, 2019, in support of the motion. By virtue of the stipulation presented with the joint affirmation, the parties have agreed that the following factual specifications are not in dispute:
In or about December 2013, Sarra Yepisheva's granddaughter, Liya Koss, contacted the respondent after Yepisheva was injured while exiting a vehicle driven by Luis Castillo and owned by New Superior Radio Group, Corp. (hereinafter New Superior Radio Group). In or about December 2013, the respondent agreed to commence a lawsuit against Castillo and New Superior Radio Group. The respondent told Koss that another attorney, Evelina Luzhansky, had agreed to be the attorney of record, and that the respondent would be handling the case and would be the person to contact. As the respondent and Luzhansky had previously agreed to work on a prior civil matter together, the respondent believed that he could do the same with respect to Yepisheva's matter. Without Luzhansky's knowledge or consent, the respondent had Yepisheva sign Luzhansky's retainer agreement.
On March 25, 2014, the respondent commenced a lawsuit on behalf of Yepisheva by filing a summons and complaint using the New York State Electronic Filing System (hereinafter NYSCEF) in the Supreme Court, New York County. Without her knowledge and consent, the respondent used Luzhansky's name and password to file those documents using the NYSCEF system, because Luzhansky had previously provided him with her personal information and [*2]password to do so. The respondent used Luzhansky's digital signature and signed her name on documents filed in the Supreme Court, New York County, without her knowledge and consent. Specifically, on March 25, 2014, the respondent commenced an action by filing a summons and complaint against Castillo and New Superior Radio Group in the Supreme Court, New York County, using Luzhansky's name without her knowledge or consent.
Neither Castillo nor New Superior Radio Group interposed an answer to the complaint. The respondent filed a motion for leave to enter a default judgment, which was denied on February 27, 2015, with leave to bring another motion for the same relief upon proper papers. In an order dated March 25, 2015, the Supreme Court issued a case scheduling order, setting forth the time within which discovery had to be completed. A mandatory compliance conference was scheduled for October 16, 2015. The respondent did not comply with the court's scheduling order or appear at the mandatory conference and took no further action in the case. The respondent did not inform his client of the status of her case. The respondent did not respond to his client's inquiries regarding her case, received from Koss.
As required, the respondent has submitted an affidavit with this motion in which he conditionally admits the foregoing facts, and that those facts establish that he engaged in conduct that violated rules 1.3(b) and 8.4(c) of the Rules of Professional Conduct (22 NYCRR 1200.0).
The respondent consents to the agreed discipline of a public censure, which consent is given freely and voluntarily without coercion or duress. Lastly, the respondent states that he is fully aware of the consequences of consenting to such discipline, having discussed the consequences with his attorney.
In mitigation, the respondent asserts, inter alia, that he never intended to cause any party any harm; that he believed that he had Luzhansky's permission to file documents under her NYSCEF account and to use her digital signature as Luzhansky had previously authorized him to do so in connection with another matter; that he was wrong to neglect the matter; that he cooperated with the investigation; that he will no longer handle any civil matters outside of his area of expertise (insurance defense); that he is remorseful; that he has no prior disciplinary history; that he has a history of providing pro bono legal services to needy individuals; and that he has an unblemished reputation in the community.
The parties agree that there are no aggravating factors.
Based on the foregoing, we find that the motion for discipline on consent pursuant to 22 NYCRR 1240.8(a)(5) should be granted, and that a pubic censure is warranted in view of the respondent's admitted misconduct, the mitigating factors presented herein, and the absence of any aggravating factors (see Matter of Dittakavi, 155 AD3d 10; Matter of Nudo, 132 AD3d 170).
SCHEINKMAN, P.J., MASTRO, RIVERA, DILLON and AUSTIN, JJ., concur.
ORDERED that the joint motion pursuant to 22 NYCRR 1240.8(a)(5) for discipline on consent is granted; and it is further,
ORDERED that the respondent, Scott C. Perez, is publicly censured for his misconduct.
ENTER:
Aprilanne Agostino
Clerk of the Court