Matter of Ciaravino (2022 NY Slip Op 01999)





Matter of Ciaravino


2022 NY Slip Op 01999


Decided on March 23, 2022


Appellate Division, Second Department


Per Curiam.



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 23, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

HECTOR D. LASALLE, P.J.
MARK C. DILLON
COLLEEN D. DUFFY
BETSY BARROS
VALERIE BRATHWAITE NELSON, JJ.


2021-00257

[*1]In the Matter of Lucia Maria Ciaravino, an attorney and counselor-at-law. Grievance Committee for the Tenth Judicial District, petitioner; Lucia Maria Ciaravino, respondent. (Attorney Registration No. 4121463)



JOINT MOTION pursuant to 22 NYCRR 1240.8(a)(5) by the Grievance Committee for the Tenth Judicial District and the respondent, Lucia Maria Ciaravino, for discipline by consent. The respondent was admitted to the Bar at a term of the Appellate Division of the Supreme Court in the Second Judicial Department on May 28, 2003.



Catherine A. Sheridan, Hauppauge, NY (Michael Fuchs of counsel), for petitioner.
Mischel & Horn, P.C., New York, NY (Richard E. Mischel of counsel), for respondent.



PER CURIAM.


OPINION & ORDER
The Grievance Committee for the Tenth Judicial District served the respondent with a notice of petition and a verified petition, dated January 14, 2021, and January 4, 2021, respectively. The respondent filed an answer dated February 17, 2021. The Grievance Committee thereafter served and filed a statement of disputed and undisputed facts, dated March 3, 2021, to which the respondent filed a response. By decision and order on application of this Court dated April 20, 2021, inter alia, the matter was referred to the Honorable Sandra L. Sgroi, as Special Referee, to hear and report. The Grievance Committee and the respondent now jointly move pursuant to 22 NYCRR 1240.8(a)(5) for discipline by consent, and request the imposition of a public censure. As provided for in 22 NYCRR 1240.8(a)(5)(i), the parties have submitted a joint affirmation signed by the petitioner on June 1, 2021, and signed by the respondent's counsel on June 3, 2021, in support of the motion. In addition, the respondent has submitted an affidavit sworn to on May 25, 2021, attesting, inter alia, to various mitigating circumstances. By virtue of the stipulation of facts presented with the joint affirmation, the parties have agreed that the following factual specifications are not in dispute:
At all relevant times, the respondent was an associate at the Law Office of Thomas Liotti (hereinafter the firm). The firm represented Susanne Gold-Smith in three actions in Nassau County Supreme Court. During the course of those matters, from in or about April 2018, through in or about January 2019, the respondent notarized 11 affidavits purportedly signed by Gold-Smith. Gold-Smith, however, had not signed the affidavits. Rather, the affidavits were signed by the respondent using an electronic signature outside of Gold-Smith's presence. Thereafter, the respondent filed, or caused to be filed, the affidavits with the court.
The respondent has submitted an affidavit with this motion in which she conditionally [*2]admits the foregoing facts, and that those facts establish that she engaged in conduct involving dishonesty, fraud, deceit, or misrepresentation; conduct that is prejudicial to the administration of justice; and conduct that adversely reflects on her fitness as a lawyer, in violation of rule 8.4(c), (d), and (h) of the Rules of Professional Conduct (22 NYCRR 1200.0), respectively. The respondent consents to the agreed discipline of a public censure, which consent is given fully and voluntarily without coercion or duress. Lastly, the respondent states that she is fully aware of the consequences of consenting to such discipline.
In mitigation, the respondent asserts, among other things, that this Court should consider that her misconduct was not of a venal nature; her remorse; evidence of her good character; her cooperation with the Grievance Committee's investigation; and her lack of any prior disciplinary history.
As to the appropriate sanction, the parties contend that a public censure is in accord with precedent from this Court under similar circumstances.
Based on the foregoing, we find that the joint motion for discipline by consent pursuant to 22 NYCRR 1240.8(a)(5) should be granted, and that a public censure is warranted in view of the totality of the circumstances, including the respondent's admitted misconduct as well as the mitigating factors presented herein (see Matter of Dittakavi, 155 AD3d 10; Matter of Nudo, 132 AD3d 170).
LASALLE, P.J., DILLON, DUFFY, BARROS and BRATHWAITE NELSON, JJ., concur.
ORDERED that the joint motion pursuant to 22 NYCRR 1240.8(a)(5) for discipline by consent is granted; and it is further,
ORDERED that the respondent, Lucia Maria Ciaravino, is publicly censured for her professional misconduct.
ENTER:
Maria T. Fasulo
Clerk of the Court